THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00247-MR-DLH

ROBERT V. WILKIE, individually )
and as acting Executor for the )
Estate of Judith Kathryn Sellers )
Wilkie, )
)
           Plaintiff, )
)
vs. )    **O R D E R**
)
NATIONSTAR MORTGAGE d/b/a )
MR COOPER MORTGAGE, )
)
           Defendant. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff "Emergency Notice of Motion and Emergency Motion for an Order for a Temporary 30 to 120 Day Stay on Foreclosure and a Stay on Foreclosure until All Administrative Remedies are Exhausted" [Doc. 1] and the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4].

**I.    PROCEDURAL BACKGROUND**

On August 30, 2018, the Plaintiff Robert V. Wilkie, individually and acting Executor of the Estate of Judith Kathryn Sellers Wilkie ("Plaintiff"), filed a document entitled "Emergency Notice of Motion and Emergency Motion for

an Order for a Temporary 30 to 120 Day Stay on Foreclosure and a Stay on Foreclosure until All Administrative Remedies are Exhausted." [Doc. 1]. On September 10, 2018, the Plaintiff filed a Complaint [Doc. 3], along with an application to proceed *in forma pauperis* [Doc. 4].

In his Complaint, the Plaintiff alleges that the Defendant Nationstar Mortgage, d/b/a Mr Cooper Mortgage ("Defendant") initiated foreclosure proceedings in a North Carolina state court on July 1, 2018. By way of the present civil action, the Plaintiff seeks "reversal of the foreclosure" and requests damages for pain and suffering and for the Defendant's unfair and deceptive trade practices. [Doc. 3].

The Defendant has filed a Response in opposition to the Plaintiff's request for a temporary restraining order. [Docs. 7, 8]. The Defendant, however, has not yet been properly served with a Summons in this action.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that

it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision,

and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

Here, the Plaintiff challenges the validity of the foreclosure proceedings initiated against him. In his prayer for relief, the Plaintiff specifically seeks "reversal of the foreclosure" and requests damages. The Plaintiff contends that the Defendant has violated certain federal regulations in pursuing the foreclosure. The Plaintiff, however, provides no citation to any such authority. More importantly, he provides no explanation for why he has bought this

4

separate motion in federal court rather than asserting such defenses in the state court foreclosure proceeding.

Federal courts do not interfere in state court foreclosure proceedings. Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09-cv-144, 2010 WL 617368, at *3 (M.D.N.C. Feb. 17, 2010) (declining to issue restraining order regarding state foreclosure action). The Rooker–Feldman doctrine prohibits lower federal courts from essentially exercising appellate jurisdiction over state court judgments. Wilson v. Federal Nat'l Mortg. Ass'n, No. 3:11-cv-537-MOC-DCK, 2012 WL 1659138, at *3 (W.D.N.C. Apr. 19, 2012). Specifically in the context of a state court foreclosure proceeding, Rooker–Feldman prohibits a federal court from reviewing a state court's decision to approve or ratify a foreclosure sale. See Turner v. Eastern Savings Bank, FSB, No. 09-CV-2637-AW, 2010 WL 1409858, at *3 (D. Md. Apr. 2, 2010).

Just as this Court cannot act in an appellate capacity to rule that a state court has erroneously failed to adopt such a defense, neither does this Court have jurisdiction to anticipatorily instruct a state court to rule on such a defense. Because the Rooker-Feldman doctrine prohibits the requested relief, the Plaintiff's motion for a temporary restraining order is denied and this case must be dismissed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepayment of Fees [Doc. 4] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Emergency Notice of Motion and Emergency Motion for an Order for a Temporary 30 to 120 Day Stay on Foreclosure and a Stay on Foreclosure until All Administrative Remedies are Exhausted" [Doc. 1] is **DENIED**, and the Plaintiff's Complaint [Doc. 3] is **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: September 25, 2018

Martin Reidinger
United States District Judge