THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00247-MR-DLH

| | |
|---|---|
| ROBERT V. WILKIE, individually and as acting Executor for the Estate of Judith Kathryn Sellers Wilkie,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE d/b/a MR COOPER MORTGAGE,<br><br>Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Notice of Motion and Motion to Add Ascential [sic] Party as Defendant to the Above-Entitled Civil Case File Number Complaint" [Doc. 11]; the Plaintiff's "Motion to Take Judicial Notice" [Doc. 12]; and the Plaintiff's "Demand for Jury Trial/Motion to Point Moot HAMP and Insert MHA/Response to Brook & Scott's Motion to Dismiss Emergency Motion/Motion to Dismiss Defence [sic] Motion to Dismiss/Motion to Take Notice of Partially Amended Complaint" [Doc. 13].

I.   PROCEDURAL BACKGROUND

On August 30, 2018, the Plaintiff Robert V. Wilkie, individually and acting as Executor of the Estate of Judith Kathryn Sellers Wilkie ("Plaintiff"),

filed a document entitled "Emergency Notice of Motion and Emergency Motion for an Order for a Temporary 30 to 120 Day Stay on Foreclosure and a Stay on Foreclosure until All Administrative Remedies are Exhausted." [Doc. 1]. On September 10, 2018, the Plaintiff filed his Complaint. [Doc. 3].

On September 25, 2018, the Court denied the Plaintiff's Emergency Motion and dismissed the Plaintiff's Complaint on the grounds that this action is barred by the Rooker-Feldman doctrine. [Doc. 9]. The Clerk entered a Judgment the same day. [Doc. 10]. The Plaintiff filed the present motions on October 4, 2018. [Docs. 11, 12, 13].

## II. DISCUSSION

The Plaintiff seeks to amend his Complaint to add Brock and Scott PLLC as a defendant to this action, on the grounds that the law firm "illegally foreclosed" on the Plaintiff. [Doc. 11 at 1]. The Plaintiff also seeks to amend his Complaint to assert additional factual allegations and causes of action arising from this alleged wrongful foreclosure. [Doc. 13]. The Plaintiff's requests to amend his Complaint are untimely and futile. The Court has already held that the Plaintiff cannot bring an action in this Court to challenge the validity of the foreclosure proceedings initiated against him in state court, and his case has been dismissed. In his proposed amendments, the Plaintiff continues to challenge the validity of the foreclosure and to assert defenses

to the state foreclosure action. The Plaintiff, however, cannot bring such claims here. As the Court previously noted, federal courts do not interfere in state court foreclosure proceedings, and the Rooker–Feldman doctrine prohibits this Court from reviewing a state court's decision to approve or ratify a foreclosure sale. [See Doc. 9]. Accordingly, to the extent that the Plaintiff's motions seek leave to amend his Complaint, such motions are denied.

To the extent that the Plaintiff seeks to respond to motions that have already been ruled upon [see Doc. 13], the Plaintiff's motions are denied as moot. Similarly, the Plaintiff's motion requesting that the Court apply *stare decisis* [Doc. 12] is also moot. The principle of *stare decisis* requires the Court to follow established legal precedent in evaluating the Plaintiff's motions; the established legal precedent, as set forth in the Court's prior Order, mandates the denial of relief requested by the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Notice of Motion and Motion to Add Ascental [sic] Party as Defendant to the Above-Entitled Civil Case File Number Complaint" [Doc. 11]; the Plaintiff's "Motion to Take Judicial Notice" [Doc. 12]; and the Plaintiff's "Demand for Jury Trial/Motion to Point Moot HAMP and Insert MHA/Response to Brook & Scott's Motion to Dismiss Emergency Motion/Motion to Dismiss Defence [sic] Motion to

3

Dismiss/Motion to Take Notice of Partially Amended Complaint" [Doc. 13] are **DENIED**.

**IT IS SO ORDERED.**

Signed: November 28, 2018

Martin Reidinger
United States District Judge